UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

KAT ALICE FORD,                    )
                                   )  No. CV-09-0098-JPH
            Plaintiff,             )
                                   )  ORDER GRANTING DEFENDANT'S
v.                                 )  MOTION FOR SUMMARY JUDGMENT
                                   )
MICHAEL J. ASTRUE, Commissioner    )
of Social Security,                )
                                   )
            Defendant.             )
                                   )
                                   )

        BEFORE THE COURT are cross-motions for summary judgment noted

for hearing without oral argument on February 5, 2010   (Ct. Recs.

16, 18).  Attorney Maureen J. Rosette represents plaintiff;

Special Assistant United States Attorney L. Jamala Edwards

represents the Commissioner of Social Security ("Commissioner").

The parties have consented to proceed before a magistrate judge

(Ct. Rec. 8).  On January 27, 2010, plaintiff filed a reply (Ct.

Rec. 20).  After reviewing the administrative record and the

briefs filed by the parties, the court **GRANTS** Defendant's Motion

for Summary Judgment (Ct. Rec. 18) and **DENIES** Plaintiff's Motion

for Summary Judgment (Ct. Rec. 16).

                          **JURISDICTION**

        Plaintiff[1] protectively filed concurrent applications for

disability insurance benefits (DIB) and supplemental security

_____

        [1]Plaintiff is also referred to as Karen Ford, Kat Alice
Ford, and Karen Van Voorhis (her married name) throughout the
record (*See e.g.*, Tr. 194,232).  In 2005 she changed her name
to Kat Alice Ford (Tr. 207).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 1 -

income (SSI) on August 23, 2006, alleging onset due to bipolar
disorder, depression and attention-deficit hyperactivity disorder
(ADHD) as of December 1, 2003 (Tr. 109-113,128).  Plaintiff was
insured through December 31, 2008 (Tr. 10).  Her applications were
denied initially and on reconsideration (Tr. 82-85,88-91).

A hearing was held June 11, 2008, before Administrative Law
Judge (ALJ) R.S. Chester.  Plaintiff, represented by counsel, and
vocational expert K. Diane Cramer testified (Tr. 22-77).  On July
8, 2008, the ALJ issued his decision (Tr. 10-19) finding although
plaintiff could not perform past work, she could perform other
work existing in the national economy.  Accordingly, he found Ms.
Ford not disabled as defined by the Act (Tr. 19).  On March 6,
2009, the Appeals Council denied review (Tr. 1-3).  Therefore, the
ALJ's decision became the final decision of the Commissioner,
which is appealable to the district court pursuant to 42 U.S.C. §
405(g).  Plaintiff filed this action for judicial review pursuant
to 42 U.S.C. § 405(g) on March 30, 2009 (Ct. Recs. 1,4).

### STATEMENT OF FACTS

The facts have been presented in the administrative hearing
transcript, the ALJ's decision, the briefs of both parties, and
are summarized here.

Plaintiff was 49 years old on the date of the ALJ's decision.
She has a GED (Tr. 109,135).  Ms. Ford has worked as a bookkeeper,
tax preparer, plant nursery manager, cashier, bartender, and she
has sold cars (Tr. 18,29,31,38,42,44,146).  She alleges disability
onset as of December 1, 2003, due to bipolar disorder, depression,
and attention deficit hyperactivity disorder (ADHD)(Tr. 45-46).

Plaintiff's sole contention on appeal is the weight the ALJ

1  gave evidence of her psychological limitations.

2                    **SEQUENTIAL EVALUATION PROCESS**

3       The Social Security Act (the "Act") defines "disability"

4  as the "inability to engage in any substantial gainful activity by

5  reason of any medically determinable physical or mental impairment

6  which can be expected to result in death or which has lasted or

7  can be expected to last for a continuous period of not less than

8  twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The

9  Act also provides that a Plaintiff shall be determined to be under

10 a disability only if any impairments are of such severity that a

11 plaintiff is not only unable to do previous work but cannot,

12 considering plaintiff's age, education and work experiences,

13 engage in any other substantial gainful work which exists in the

14 national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

15 Thus, the definition of disability consists of both medical and

16 vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156

17 (9th Cir. 2001).

18      The Commissioner has established a five-step sequential

19 evaluation process for determining whether a person is disabled.

20 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person

21 is engaged in substantial gainful activities. If so, benefits are

22 denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If

23 not, the decision maker proceeds to step two, which determines

24 whether plaintiff has a medically severe impairment or combination

25 of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii),

26 416.920(a)(4)(ii).

27      If plaintiff does not have a severe impairment or combination

28 of impairments, the disability claim is denied. If the impairment

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                          - 3 -

is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1.  If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past.  If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity ("RFC") assessment is considered.  If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

     The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work.  The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a

"significant number of jobs exist in the national economy" which plaintiff can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision.  42 U.S.C. § 405(g).  A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence.  *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence."  *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)).  Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance.  *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988).  Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted).  "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld.  *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner.  *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 5 -

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

The ALJ found plaintiff was insured for DIB purposes through December 31, 2008 (Tr. 10). At step one, he found she did not engage in substantial gainful activity after onset on December 1, 2003 (Tr. 12). At steps two and three, he found Ms. Ford suffers from bipolar disorder, depression, and ADHD, impairments that are severe but which do not alone or combination meet or medically equal a Listing impairment (Tr. 12-13). The ALJ found plaintiff less than completely credible (Tr. 15). At step four, relying on the VE, he found with plaintiff's RFC for a range of light work she is unable to perform her past work (Tr. 18). At step five, again relying on the VE, the ALJ found plaintiff could perform other jobs, such as mail clerk, charge account clerk, and

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 6 -

surveillance system monitor (Tr. 19). Ms. Ford was found not disabled as defined by the Social Security Act because there is work she can perform (Tr. 19).

**ISSUES**

Plaintiff contends the Commissioner erred as a matter of law by failing to properly credit the opinions of the evaluating and reviewing psychologists, specifically, opinions that she is at least moderately limited in concentration, pace, maintaining a regular schedule, and social functioning (Ct. Rec. 17 at 13-19). The Commissioner asserts because the ALJ's decision is both supported by the evidence and free of error, the Court should affirm (Ct. Rec. 19 at 6-12).

**DISCUSSION**

**A. Standards for weighing medical evidence**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947, F. 2d 341, 345 (9th Cr. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F. 2d 597, 604-05 (9th

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 7 -

Cir. 1989).  However, the treating physician's opinion is not
"necessarily conclusive as to either a physical condition or the
ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747,
751 (9th Cir. 1989) (citations omitted).  More weight is given to
a treating physician than an examining physician.  *Lester v.
Cater*, 81 F.3d 821, 830 (9th Cir. 1996).  Correspondingly, more
weight is given to the opinions of treating and examining
physicians than to nonexamining physicians.  *Benecke v. Barnhart*,
379 F. 3d 587, 592 (9th Cir. 2004).  If the treating or examining
physician's opinions are not contradicted, they can be rejected
only with clear and convincing reasons.  *Lester*, 81 F. 3d at 830.
If contradicted, the ALJ may reject an opinion if he states
specific, legitimate reasons that are supported by substantial
evidence.  *See Flaten v. Secretary of Health and Human Serv.*, 44
F. 3d 1435, 1463 (9th Cir. 1995).

    In addition to the testimony of a nonexamining medical
advisor, the ALJ must have other evidence to support a decision to
reject the opinion of a treating physician, such as laboratory
test results, contrary reports from examining physicians, and
testimony from the claimant that was inconsistent with the
treating physician's opinion.  *Magallanes v. Bowen*, 881 F.2d 747,
751-52 (9th Cir. 1989); *Andrews v. Shalala*, 53 F.3d 1042-43 (9th
Cir. 1995).

**B. Dr. Everhart's December 2006 evaluation**

    Plaintiff alleges the ALJ erred when he found she is limited
to occasional public contact and performing no more than two-step
tasks.  She alleges his RFC erroneously fails to credit
limitations assessed by examining psychologists Joyce Everhart,

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                          - 8 -

Ph.D., and Dennis Pollack, Ph.D., as well as those of Sean Mee,
Ph.D., an agency reviewing psychologist.  Plaintiff asserts if the
ALJ properly credited these opinions, she would be found disabled
(Ct. Rec. 17 at 13-19).

Ms. Ford first asserts the ALJ should have found her at least
moderately limited in the ability to complete a normal workday and
workweek and second, he should have found she would "have
difficulty" with persistence and maintaining attention, as Drs.
Everhart and Pollack opined.  Similarly, plaintiff asserts the ALJ
should have accepted Dr. Mee's opinion she would benefit from
"some flexibility with schedule demands" (Ct. Rec. 17 at 18).
According to the Commissioner, the ALJ properly considered Ms.
Ford's credibility and the opinions of treating sources when he
assessed psychological limitations.  The Commissioner opines the
ALJ rejected limitations unsupported by the record (Ct. Rec. 19 at
8-10).

Dr. Everhart conducted her evaluation on December 6, 2006,
three years after onset (Tr. 200-206).  The ALJ points out:

> [plaintiff's] clinical tests and the claimant's self- report
> during [the] consultative examination reveal
> [her] symptoms are not as disabling as [she] alleged during
> the hearing. During the consultive examination,
> the claimant was administered the Hamilton Rating
> Scale for Depression. [She] scored in the mildly
> depressed level. Furthermore, the examiner, Dr. Joyce
> Everhart, Ph.D., noted, based on the claimant's self-
> report,[her] bipolar and ADHD symptoms were well-
> controlled with medication.
>
> . . . Dr. Everhart administered the Trails Making Test,
> the results of which showed no problems with executive
> functioning, and the mental status examination revealed
> the claimant's attention, concentration and intellectual
> ability appear to be within normal limits (Exhibit
> 2F/4-5 at Tr. 203-204).

(Tr. 16).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 9 -

Dr. Everhart opined plaintiff's pace was good, she was friendly, cooperative, and able to get along with bosses and coworkers.  She predicted plaintiff is likely to have problems with complex multi-step tasks when "somewhat manic or very depressed" and persistence and attendance are likely "adversely affected by symptoms of bipolar disorder" (Tr. 204).

When he assessed psychological limitations, the ALJ appropriately relied on Dr. Everhart's test results that showed mild depression, and on plaintiff's admission her bipolar and ADHD symptoms were well-controlled with medication.  Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for benefits.  *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006). An ALJ may consider medical records of improvement when evaluating a claimant's credibility.  *Morgan v. Comm. of Soc. Sec. Admin.*, 169 F.3d 595, 599-600 (9th Cir. 1999).

As noted below, the ALJ's credibility assessment further supports the weight he gave portions of Dr. Everhart's opinion. These reasons are specific, legitimate and fully support the ALJ's decision to reject Dr. Everhart's contradicted opinion that plaintiff suffers more severe limitations with respect to persistence and attendance**.**  The ALJ adopted Dr. Everhart's opinion plaintiff is able to complete repetitive two-step tasks, and he assessed limitation *greater* than Dr. Everhart by  limiting Ms. Ford to no more than occasional contact with the public (*compare* Tr. 14 *with* Tr. 204).

**C.  Dr. Pollack's May 2008 evaluation**

In May of 2008, Dr. Pollack's tests showed Ms. Ford's full

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                - 10 -

scale IQ is in the high average range, as the ALJ observes (Tr. 16, referring to Exhibit 9F/5). When he weighed the conflicting evidence of psychological limitations, the ALJ points out plaintiff testified she reads one science fiction book a week (Tr. 16, referring to Tr. 59), indicating concentration is not severely impaired. He notes Ms. Ford's testimony did not include complaints of significant problems with concentration, persistence, and pace. He relies on plaintiff's admission ADHD symptoms are controlled with medication and do "not cause much problem[s] with concentration" (Tr. 16, citing Exhibits 2F/1,7F/10). Plaintiff reported improvement in anxiety within weeks of starting medication. The ALJ notes she did not attend treatment for a year, and when she returned, Ms. Ford reported her mood had been stable (Tr. 15, referring to Exhibits 1F/4,6; 3F/3,5). The ALJ notes Dr. Everhart's testing showed normal attention and concentration, and both Everhart and Pollack assessed normal intellectual ability with no problems in executive functioning (Tr. 16, referring to Exhibits 2F/4-5; 9F/5).

Significantly, Dr. Pollack noted Ms. Ford's test results showed "a tendency to overstate her difficulties," although he deemed the results valid (Tr. 397). The ALJ rejected Dr. Pollock's assessed marked limitations in performing within a schedule and completing a normal workday, and his assessed moderate limitation in attention and concentration for extended periods (Tr. 16; 401). The ALJ opines "it is obvious from the medical records that the claimant's concentration, persistence, and pace is such that she is at least capable of performing work involving one to two step tasks" (Tr. 16). It is noteworthy that

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 11 -

the assessed RFC limits plaintiff's two step tasks to non-production work (Tr. 71).

The ALJ relied on the opinions of mental health treatment providers when he assessed plaintiff's limitations.  Ms. Ford's counseling discharge note in August of 2007 (about 16 months before her last insured date) reveals, as the ALJ notes,

> "continued improvement in [plaintiff's] mental health
> . . . improvement with attention and organizational
> skills with use of medications to manage ADHD. [Ms.
> Ford] reported an increase in mindfulness and
> consistent implementation of coping skills and
> marked improvement in managing anxiety."

(Tr. 16, referring to Exhibit 6F/23).

The ALJ points out recent records show plaintiff continues "to report feeling less depressed and is feeling good" and has been "successful in working through her anxiety" (Tr. 16, referring to Exhibit 7F).

Records prior to onset show no treatment for a period of four years.  Ms. Ford underwent counseling after her mother's death in 1999.  She did not return until November of 2003, nine days before onset.  At that time Ms. Ford told providers she was successfully treated for depression in the past with zoloft, an antidepressant. A week after the prescription was restarted in 2003, plaintiff reported feeling a little better, able to take phone calls, and able to get out of bed.  At onset her children were six and eight years old (Tr. 196,198-199).

**D.  Reviewing agency psychologist Dr. Mee's opinion**

Contrary to plaintiff's assertion in her opening brief, the ALJ specifically considered Dr. Mee's opinion (Tr. 14, referring to Exhibit 5F at Tr. 270-290) plaintiff's bipolar symptoms are in partial remission, ADHD symptoms are controlled by medication, and

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 12 -

she is moderately limited in social functioning and concentration (Tr. 271,273,280,284-286).  Dr. Mee explains in his narrative report plaintiff can concentrate on simple routine tasks even during times of increased symptomology (Tr. 286).

Dr. Mee opines a stimulant such as the one prescribed for Ms. Ford's ADHD (adderall) mimics manic symptoms.  As a result, these drugs are not indicated for people suffering from bipolar disorder and make an accurate bipolar diagnosis difficult (Tr. 282). [Treating psychiatrist Mcihale Wu, M.D., expressed the same concern in November of 2007, opining adderall is an agent "exacerbating [plaintiff's] bipolar symptoms" (Tr. 329).] Dr. Mee's narrative opines Ms. Ford's pressured presentation at times will "adversely affect social interactions" and result in some vulnerability to distraction."  Periods of depression "will result in occasionally slower work pace" and in "occasional decreased attendance reliability" (Tr. 282).  The ALJ points out his RFC generally comports with Dr. Mee's assessment (Tr. 14).

To aid in weighing the conflicting medical evidence, the ALJ evaluated plaintiff's credibility, a determination unchallenged on appeal.  He notes Ms. Ford's activities are not limited to the extent one would expect given her complaints of disabling symptoms and limitations (Tr. 16-17).  Daily activities during the relevant time have included making breakfast for her two children and taking them to school; shopping three times a week for groceries and other items; laundering clothes at a laundromat twice a month; cleaning house, and driving short distances (Tr. 17,139-142).

When evaluating medical opinions and a claimant's credibility as to limitations, the daily activities of caring for children are

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                          - 13 -

relevant.  *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001)(rejecting medical opinion because proffered limitations were inconsistent with "the level of activity that Rollins engaged in by maintaining a household and rasing two young children, with no significant assistance from her ex husband").  Similarly, Ms. Ford has cared for her children, ages 6 and 8 at onset, in a single-parent family Tr. 26-27,196).

The ALJ notes Ms. Ford's ability to function socially is shown by her ability to sing in two choirs.  She has maintained friendships and contact with family.  She was noted during examination to be "friendly and cooperative."  And, the ALJ points out, there is no evidence of past problems with coworkers or supervisors (Tr. 16, referring to Exhibits 2F/3-5,3E/3, 8E/3,9F/4; Tr. 142,144).  With respect to concentration, the ALJ observes plaintiff has generally been able to keep or timely counsel a host of appointments, indicating greater functioning than claimed.  *See e.g. Tr. 138* (tries to make counseling, DSHS and medical appointments) and *Tr. 56* (testified missed 2 appointments but called and canceled because "I am able to do that").

The ALJ is correct that these activities are inconsistent with plaintiff's claimed disabling limitations, including being unable to leave the house and to get out of bed for weeks at a time.  *See e.g.*, (1) plaintiff says sleeps 20+ hours a day for 3-6 days at a time (Tr. 139); (2) says doesn't get out of bed most days and sleeps 16-18 hours (Tr. 168-169); (3) says   sleeps 90% of time (Tr. 172); (4) testified sleeps all day one and a half to two weeks a month (Tr. 63), and (5) indicates slept summer of 2006 (Tr. 64).

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                        - 14 -

Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F. 3d 915, 918 (9th Cir. 1993).

The ALJ's reasons for finding plaintiff less than fully credible are clear, convincing, and fully supported by the record. *See Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002)(proper factors include inconsistencies in plaintiff's statements, inconsistencies between statements and conduct, and extent of daily activities). Noncompliance with medical care or unexplained or inadequately explained reasons for failing to seek medical treatment also cast doubt on a claimant's subjective

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                          - 15 -

complaints.  20 C.F.R. §§ 404.1530, 426.930; *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989).

Plaintiff alleges the ALJ improperly rejected Drs. Everhart and Pollack's assessed limitations in the ability to maintain regular attendance and concentration for extended periods based on plaintiff's unreliable self-reports of sleeping hours and days at a time and not leaving her house (Ct. Rec. 17 at 16). She asserts because both examiners reviewed records and gave tests their opinions were not based on plaintiff's self-report (Ct. Rec. 17 at 17).

The ALJ specifically credited plaintiff's psychological test results.  To the extent the examiners' opinions are internally inconsistent, the ALJ adopted the objective findings, reasoning they must have assessed limitations greater than indicated by their own test results based on plaintiff's unreliable self-report.  An ALJ may properly reject opinions based on a claimant's unreliable self-report.  The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747,751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400.

Plaintiff alleges the ALJ erred when he relied on her ability to attend appointments regularly as evidence of her ability to maintain regular attendance, be punctual and regularly complete a normal workday (Ct. Rec. 17 at 16).

In the court's view, the ability is some evidence of the ability to maintain regular attendance, be punctual, and perhaps to a lesser extent, demonstrate the stamina needed to regularly

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                           - 16 -

complete a normal eight hour work day.  Plaintiff's ability to timely get her children up, fed, and to school demonstrates similar abilities.  In the court's view the ALJ properly relied on the entire record when he assessed Ms. Ford's mental limitations.

To the extent the ALJ rejected Drs. Everhart and Pollack's contradicted opinions assessing greater psychological limitations, the ALJ's reasons are legitimate, specific, and supported by substantial evidence in the record.  *See Lester v. Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995).

The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405 (g).

The ALJ's reasons are both specific and legitimate, and supported by substantial evidence.  His assessment of the evidence of mental impairment, and his unchallenged credibility assessment, are both supported by the record and free of legal error.

At steps two and three, the ALJ found plaintiff *did not have* marked or moderate limitations in the ability to 1) maintain attention and concentration, 2) complete a normal work day/week without interruptions from psychologically based symptoms, and 3) perform at a reasonably consistent pace without an unreasonable number and length of rest periods (Tr. 13-14).  Prior to assessing Ms. Ford's RFC, he considered Dr. Mee's opinion and the rest of the record.  The ALJ found "the more detailed assessment of functioning" prior to steps four and five led him to assess

moderate limitations in concentration and in social functioning.
He translated these  into an RFC with two mental limitations:
perform no more than two-step tasks in non-production jobs and
occasionally engage in public contact (Tr. 14).  The ALJ included
these limitations in his hypothetical to the VE at step five (Tr.
71-73).  The record, including plaintiff's activities, statements
to professionals, objective test results, treatment records, and
less than complete credibility, fully supports the ALJ's
assessment.

The Court finds the RFC assessment is without error and
supported by substantial evidence.

**CONCLUSION**

Having reviewed the record and the ALJ's conclusions, this
Court finds the ALJ's decision is free of legal error and
supported by substantial evidence..

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment **(Ct. Rec. 18)** is
**GRANTED.**

2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 16)** is
**DENIED.**

The District Court Executive is directed to file this Order,
provide copies to counsel for Plaintiff and Defendant, enter
judgment in favor of Defendant, and **CLOSE** this file.

DATED this 8th day of April, 2010.


                              s/ James P. Hutton

                           JAMES P. HUTTON
                    UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                        - 18 -